**E-Filed 2/23/2010**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHONG'S PRODUCE, INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>H&T, LLC, et al.,<br><br>　　　　　Defendants. | Case Number C 10-691 JF (HRL)<br><br>ORDER[1] GRANTING *EX PARTE* APPLICATION FOR TRO AND SETTING CASE MANAGEMENT CONFERENCE TO DISCUSS SCHEDULING OF HEARING ON PRELIMINARY INJUNCTION AND TRIAL<br><br>[re: doc. no. 2] |

　　　　On February 18, 2010, Plaintiff Chong's Produce, Inc. ("Plaintiff") filed the complaint in this action, alleging that: Defendant H&T, LLC ("Defendant") purchased fruits and vegetables from Plaintiff for a total amount exceeding $39,412.50; Plaintiff delivered the produce to Defendant; Defendant accepted the produce; and Defendant has failed to pay invoices due and owing in the amount of $9,957.00. The complaint alleges several claims under the Perishable Agricultural Commodities Act ("PACA"), and a claim for breach of contract. Plaintiff seeks a

---

[1] This disposition is not designated for publication in the official reports.

temporary restraining order ("TRO") and a preliminary injunction enjoining Defendant from dissipating the assets of a PACA statutory trust.

PACA imposes a statutory trust on all produce-related assets held by agricultural merchants, dealers, and brokers. 7 U.S.C. § 499e(c). Plaintiff alleges that Defendant is a dealer under PACA. Complt. ¶ 7. A district court may issue an order for injunctive relief to preserve the assets of the statutory trust. *See Frio Ice, S.A. v. Sunfruit, Inc.*, 918 F.2d 154, 158-59 (11th Cir. 1990).

The standard for issuing a TRO is the same as that for issuing a preliminary injunction. *Brown Jordan Int'l, Inc. v. Mind's Eye Interiors, Inc.*, 236 F. Supp. 2d 1152, 1154 (D. Hawaii 2002); *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). In the Ninth Circuit, a party seeking a preliminary injunction must show either (1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in the movant's favor. *Roe v. Anderson*, 134 F.3d 1400, 1401-02 (9th Cir. 1998); *Apple Computer, Inc. v. Formula Int'l, Inc.*, 725 F.2d 521, 523 (9th Cir. 1984). These formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases. *Roe*, 134 F.3d at 1402.

A TRO may be issued without notice to the adverse party *only if* "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). Moreover, in this district an applicant for a TRO must give notice to the adverse party "[u]nless relieved by order of a Judge for good cause shown." Civ. L.R. 65-1(b).

Plaintiff submits the declaration of its president, Andy Chong, who states that Defendant initially paid Defendant's bills but stopped doing so in March 2009; Defendant has failed to respond to weekly demands for payment; and Defendant continues to do business and to receive produce from other vendors. Plaintiff's counsel submits a written certification stating that

1  because Defendant appears to be avoiding Plaintiff and to be experiencing financial problems,
2  Plaintiff fears that the trust assets will be dissipated if Defendant is given notice of the motion.
3      Plaintiff requests that the Court enjoin and restrain Defendant H&T, LLC, its agents,
4  officers, subsidiaries, banking and financial institutions, and all persons in active concert or
5  participation with said Defendant from the following conduct:  dissipating, paying, transferring,
6  assigning or selling any and all assets covered by or subject to the trust provisions of PACA
7  without agreement of Plaintiff, or until further order of this Court.
8      For good cause shown, the Court will issue the requested TRO restraining Defendant
9  from the above conduct pending disposition of Plaintiff's motion for preliminary injunction.  The
10 assets subject to this order include all of Defendant's assets unless Defendant can prove to the
11 Court that a particular asset is not derived from perishable agricultural commodities, other
12 products derived from perishable agricultural commodities, or receivables or proceeds from the
13 sale of such commodities or products.  However, Defendant may sell perishable commodities for
14 fair compensation on the condition that Defendant maintains the proceeds of such sales subject to
15 this Order.
16     Plaintiff requests that the Court consolidate the hearing on the motion for preliminary
17 injunction with the trial.  The Court will set a case management conference for the purpose of
18 discussing this request with counsel.

### ORDER

20 (1) Plaintiff's *ex parte* application for TRO is GRANTED.  Defendant is HEREBY RESTRAINED from the conduct described above;

22 (2) a case management conference is HEREBY SET for March 5, 2010, at 10:30 a.m.;

23 (3) the TRO shall remain in place until midnight on March 5, 2010 or until other order of the Court.

25 Dated: February 23, 2010

                                    _____
                                    JEREMY FOGEL
                                    United States District

Case No. C 10-691 JF (PVT)
ORDER GRANTING *EX PARTE* APPLICATION FOR TRO ETC.
(JFLC2)